## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW DEJAYNES and AMBER DEJAYNES, | ) ) ) | |
| | ) | Case No.: |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LAMARK POWELL and XPO LOGISTICS FREIGHT, INC., a Foreign Corporation, | ) ) ) | |
| | ) | **Plaintiffs Demand Trial by Jury** |
| Defendants. | ) | |

### REFILED COMPLAINT AT LAW

Now Come the Plaintiffs, ANDREW DEJAYNES and AMBER DEJAYNES, by and through their attorneys, Chute O'Malley Knobloch & Turcy, LLC, and for their Refiled Complaint against Defendants, LAMARK POWELL and XPO LOGISTICS FREIGHT, INC., state as follows:

### JURISDICTION AND VENUE

1.     Plaintiffs, ANDREW DEJAYNES and AMBER DEJAYNES, previously filed this action on December 16, 2019, in the Circuit Court of the Seventeenth Judicial Circuit, sitting in Winnebago County, Illinois, under case number 2019-L-00000395.

2.     On January 30, 2020, Defendants removed the case to the Northern District of Illinois, Western Division, under case number 20-C-50048.

3.     On October 22, 2020, Plaintiffs voluntarily dismissed this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (A copy of the Voluntary Dismissal Order is attached hereto as Exhibit A).

4.      Plaintiff ANDREW DEJAYNES is an individual residing in Rock County, Wisconsin.

5.      Plaintiff AMBER DEJAYNES is an individual residing in Rock County, Wisconsin and the spouse of Plaintiff ANDREW DEJAYNES.

6.      Defendant LAMARK POWELL is an individual residing in Winnebago County, Illinois.

7.      Defendant XPO LOGISTICS FREIGHT, INC. is a foreign corporation incorporated in Delaware, with its principal place of business in Ann Arbor, Michigan, and does business in Winnebago County, Illinois.

8.      Jurisdiction of this Court is proper under 28 U.S.C. § 1332(a). Plaintiffs' matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. The parties are all citizens of different states. Plaintiffs, ANDREW DEJAYNES and AMBER DEJAYNES are citizens of Wisconsin. Defendant LAMARK POWELL is a citizen of Illinois. Defendant XPO LOGISTICS FREIGHT, INC. is incorporated in Delaware and has its principal place of business in Michigan, making it a citizen of the two states.

9.      Because the occurrence took place within the Northern District of Illinois, venue is proper in this district.

**GENERAL ALLEGATIONS**

1.      On September 9, 2019 at approximately 5:14 pm, Defendant LAMARK POWELL was driving a semi-truck owned by Defendant XPO LOGISTICS FREIGHT, INC. (hereafter, "XPO") westbound on I-90 near mile marker 5.5 in Harlem Township, Winnebago County, Illinois.

2.  At the time and place aforesaid, and at all times relevant, Defendant POWELL was an employee of Defendant XPO.

3.  At the time and place aforesaid, and at all times relevant, Defendant POWELL was being paid for his time by Defendant XPO.

4.  At the time and place aforesaid, and at all times relevant, Defendant POWELL was operating a semi-truck owned by Defendant XPO with its knowledge and consent.

5.  At the time and place aforesaid, and at all times relevant, Defendant POWELL was pursuing the interests of Defendant XPO by transporting goods for them.

6.  At the time and place aforesaid, and at all times relevant, Defendant POWELL was acting within the scope of his employment by Defendant XPO in driving the semi-truck and transporting the goods.

7.  At the time and place aforesaid, and at all times relevant, Defendant XPO had the right to control the conduct of Defendant POWELL in his use of the semi-truck.

8.  At the time and place aforesaid, and at all times relevant, a master/servant relationship existed between Defendant XPO and Defendant POWELL such that Defendant XPO, the principal, is vicariously liable for the negligent actions of its agent, Defendant POWELL, in his use of the semi-truck.

9.  A vehicle in front of Defendant POWELL lost control due to water on the road from heavy rain, struck the median and spun out, coming to rest on the shoulder and the outermost lane of northbound traffic.

10.  Defendant POWELL parked his semi-truck in the outermost lane of traffic behind the disabled vehicle.

11.     Defendant POWELL did not place cones, flares or reflective triangles to warn approaching traffic that the semi-truck was parked and blocking the outermost lane.

12.     On September 9, 2019 at approximately 5:21 pm, Plaintiff ANDREW DEJAYNES was driving a vehicle westbound on I-90 near mile marker 5.5 in Harlem Township, Winnebago County, Illinois approaching Defendant POWELL's vehicle from behind in the outermost lane.

13.     On September 9, 2019 at approximately 5:21 pm, it was raining heavily, there was water on the road, and the approach to the semi-truck parked in the outermost lane was around a curve and sloped downhill.

14.     Although he braked and attempted to evade, Plaintiff ANDREW DEJAYNES was unable to stop his vehicle in time, striking the rear of Defendant POWELL's parked semi-truck with great force and traveling under the rear trailer of the truck.

**COUNT I – NEGLIGENCE**
**ANDREW DEJAYNES v. LAMARK POWELL**

1-14.   Plaintiff restates, realleges, and incorporates by reference paragraphs 1 through 14 of the General Allegations as paragraphs 1 through 14 of Count I.

15.     On September 9, 2019, and at all times material, Defendant LAMARK POWELL owed a duty to exercise reasonable care in the operation of the semi-truck.

16.     Notwithstanding said duty, on September 9, 2019, Defendant LAMARK POWELL was negligent in one or more of the following respects:

a)   Parking in a lane of a highway in a 70-mph speed zone, in violation of 625 ILCS 5/11-1303(a) and 625 ILCS 5/11-1416;

b)   Failing to yield the right of way, in violation of 625 ILCS 5/11-907.5(a);

c)   Failing to warn motorists of his parked vehicle by setting out flares or triangular orange reflectors, in violation of 625 ILCS 5/12-702 and 49 C.F.R. § 392.22;

4

d) Operating his vehicle in a manner unsafe for hazardous conditions, in violation of 49 C.F.R. § 392.14;

e) Failed to exercise reasonable care to avoid injury to others, including Andrew DeJaynes.

17. As a direct and proximate result of the foregoing negligent acts and/or omissions, ANDREW DEJAYNES suffered personal and pecuniary injuries.

WHEREFORE, Plaintiff, ANDREW DEJAYNES, demands judgment against Defendant, LAMARK POWELL, for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000), together with interest, costs, and such other and further relief as the Court deems just and equitable.

## COUNT II – LOSS OF SOCIETY, CONSORTIUM AND SPOUSAL SERVICES
### AMBER DEJAYNES v. LAMARK POWELL

1-14. Plaintiff restates, realleges, and incorporates by reference paragraphs 1 through 14 of the General Allegations as paragraphs 1 through 14 of Count II.

15. On September 9, 2019, and at all times material, Defendant LAMARK POWELL owed a duty to exercise reasonable care in the operation of the semi-truck.

16. Notwithstanding said duty, on September 9, 2019, Defendant LAMARK POWELL was negligent in one or more of the following respects:

a) Parking in a lane of a highway in a 70-mph speed zone, in violation of 625 ILCS 5/11-1303(a) and 625 ILCS 5/11-1416;

b) Failing to yield the right of way, in violation of 625 ILCS 5/11-907.5(a);

c) Failing to warn motorists of his parked vehicle by setting out flares or triangular orange reflectors, in violation of 625 ILCS 5/12-702 and 49 C.F.R. § 392.22;

d) Operating his vehicle in a manner unsafe for hazardous conditions, in violation of 49 C.F.R. § 392.14;

e) Failed to exercise reasonable care to avoid injury to others, including Andrew DeJaynes.

5

17.     As a direct and proximate result of the foregoing negligent acts and/or omissions, ANDREW DEJAYNES suffered personal and pecuniary injuries.

18.     At the date and time aforesaid, and at all times relevant, Plaintiffs, ANDREW DEJAYNES and AMBER DEJAYNES, were lawfully married spouses.

19.     As a direct and proximate result of one or more of the above acts and/or omissions under Paragraph 25 above, Plaintiff, AMBER DEJAYNES, suffers from the loss of consortium of her spouse, ANDREW DEJAYNES.

WHEREFORE, Plaintiff, AMBER DEJAYNES, demands judgment against Defendant, LAMARK POWELL, for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000), together with interest, costs, and such other and further relief as the Court deems just and equitable.

## COUNT III – RESPONDEAT SUPERIOR
## ANDREW DEJAYNES v. XPO LOGISTICS FREIGHT, INC.

1-14.     Plaintiff restates, realleges, and incorporates by reference paragraphs 1 through 14 of the General Allegations as paragraphs 1 through 14 of Count III.

15.     On September 9, 2019, and at all times material, Defendant XPO, by and through its duly authorized employee and/or agent, Defendant LAMARK POWELL, owed a duty to exercise reasonable care in the operation of the semi-truck.

16.     Notwithstanding said duty, on September 9, 2019, Defendant XPO, by and through its duly authorized employee and/or agent, Defendant LAMARK POWELL, was negligent in one or more of the following respects:

    a)     Parking in a lane of a highway in a 70-mph speed zone, in violation of 625 ILCS 5/11-1303(a) and 625 ILCS 5/11-1416;

    b)     Failing to yield the right of way, in violation of 625 ILCS 5/11-907.5(a);

6

c)  Failing to warn motorists of his parked vehicle by setting out flares or triangular orange reflectors, in violation of 625 ILCS 5/12-702 and 49 C.F.R. § 392.22;

d)  Operating his vehicle in a manner unsafe for hazardous conditions, in violation of 49 C.F.R. § 392.14;

e)  Failed to exercise reasonable care to avoid injury to others, including Andrew DeJaynes.

17.  As a direct and proximate result of the foregoing negligent acts and/or omissions, ANDREW DEJAYNES suffered personal and pecuniary injuries.

WHEREFORE, Plaintiff, ANDREW DEJAYNES, demands judgment against Defendant, XPO LOGISTICS FREIGHT, INC., for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000), together with interest, costs, and such other and further relief as the Court deems just and equitable.

### COUNT IV – RESPONDEAT SUPERIOR
### AMBER DEJAYNES v. XPO LOGISTICS FREIGHT, INC.

1-14.  Plaintiff restates, realleges, and incorporates by reference paragraphs 1 through 14 of the General Allegations as paragraphs 1 through 14 of Count IV.

15.  On September 9, 2019, and at all times material, Defendant XPO, by and through its duly authorized employee and/or agent, Defendant LAMARK POWELL, owed a duty to exercise reasonable care in the operation of the semi-truck.

16.  Notwithstanding said duty, on September 9, 2019, Defendant XPO, by and through its duly authorized employee and/or agent, Defendant LAMARK POWELL, was negligent in one or more of the following respects:

f)  Parking in a lane of a highway in a 70-mph speed zone, in violation of 625 ILCS 5/11-1303(a) and 625 ILCS 5/11-1416;

g)  Failing to yield the right of way, in violation of 625 ILCS 5/11-907.5(a);

7

h) Failing to warn motorists of his parked vehicle by setting out flares or triangular orange reflectors, in violation of 625 ILCS 5/12-702 and 49 C.F.R. § 392.22;

i) Operating his vehicle in a manner unsafe for hazardous conditions, in violation of 49 C.F.R. § 392.14;

j) Failed to exercise reasonable care to avoid injury to others, including Andrew DeJaynes.

17. As a direct and proximate result of the foregoing negligent acts and/or omissions, ANDREW DEJAYNES suffered personal and pecuniary injuries.

18. At the date and time aforesaid, and at all times relevant, Plaintiffs, ANDREW DEJAYNES and AMBER DEJAYNES, were lawfully married spouses.

19. As a direct and proximate result of one or more of the above acts and/or omissions under Paragraph 25 above, Plaintiff, AMBER DEJAYNES, suffers from the loss of consortium of her spouse, ANDREW DEJAYNES.

WHEREFORE, Plaintiff, AMBER DEJAYNES, demands judgment against Defendant, XPO LOGISTICS FREIGHT, INC., for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000), together with interest, costs, and such other and further relief as the Court deems just and equitable.

Respectfully submitted on behalf of Plaintiffs Andrew DeJaynes and Amber DeJaynes, through their attorneys, Chute O'Malley Knobloch & Turcy, LLC,

By: /s/ *J. Thomas Chute*
One of Plaintiffs' Attorneys

J. Thomas Chute (6215884)
Colin J. O'Malley (6270376)
Thomas G. Grace (6210857)
Chute O'Malley Knobloch & Turcy, LLC
Attorneys for Plaintiffs
218 N. Jefferson Street, Suite 202

Chicago, IL 60661
312-775-0042
TChute@ChuteLaw.com
COMalley@ChuteLaw.com
TGrace@ChuteLaw.com