IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Andrew DeJaynes, and Amber DeJaynes,<br><br>  Plaintiffs,<br><br>  v.<br><br>LaMark Powell, and XPO Logistics Freight, Inc.,<br><br>  Defendants. | Case No. 3:21-cv-50345<br><br>Honorable Iain D. Johnston |
| LaMark Powell, and XPO Logistics Freight, Inc.,<br><br>  Third-Party Plaintiffs,<br><br>  v.<br><br>Valentin Bayko,<br><br>  Third-Party Defendant. | |

**MEMORANDUM OPINION AND ORDER**

One of the several standing orders on this Court's website admonishes attorneys that summary judgment cases are not particularly helpful on a motion to dismiss. Before the Court is a motion to dismiss the third-party complaint. The substantive argument relies exclusively on summary judgment cases and cases challenging a jury verdict. The motion further invites the Court to decide factual questions presented as a matter of law—on a motion to dismiss. Those arguments should almost always be directed to a motion for summary judgment, or to a jury.

1

Because the third-party complaint plausibly alleges a claim, the Court denies the motion to dismiss.

Under Rule 8, the plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the plaintiff's factual allegations, not their legal conclusions, must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining the sufficiency of the complaint, the court must accept as true all of the plaintiff's factual allegations and view any reasonable inferences in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr. Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). The party seeking dismissal bears the burden of establishing the insufficiency of the plaintiff's factual allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

The allegations at issue in this action stem from a traffic collision[1] on Interstate 90, near Harlem Township in Winnebago County, Illinois.[2] Defendant LaMark Powell was allegedly driving a semi-truck owned by Defendant XPO Logistics Freight. Powell then came upon a disabled vehicle and allegedly decided to

---

[1] As *Hot Fuzz* explains, "traffic collision" is the correct term. https://www.youtube.com/watch?v=puK5CwThaq4.
[2] Powell and XPO's response brief argued that the Court should consider only the allegations in their third-party complaint, as it is the challenged pleading. Regardless of the answer to that argument, the Court's decision would be the same. Nevertheless, the Court takes judicial notice of the allegations in Plaintiffs' original complaint, as they put the allegations in the third-party complaint in context. *See Watkins v. United States*, 854 F.3d 947, 949 (7th Cir. 2017) (permitting judicial notice of facts "readily ascertainable from the public court record").

use his semi-truck to block oncoming traffic, which he alleges in his third-party complaint was done to ensure the safety of the scene from oncoming traffic. But the roads were slippery from rain, and the scene was on a curve that was sloping downhill. Plaintiff Andrew DeJaynes was driving his vehicle on the interstate at the time. As he approached the scene, he was unable to stop his vehicle before it struck the rear of Powell's truck. After DeJaynes sued Powell and XPO for negligence, Powell and XPO filed a third-party complaint against Valentin Bayko, who they allege was the driver of the original disabled vehicle.

In the third-party complaint, Powell and XPO allege that Bayko lost control of his vehicle and struck the guard rail. The collision blocked the three right-most lanes. When Powell drove up to the scene, he positioned his semi-truck directly east of Bayko's now-disabled vehicle because it was stopped in a moving lane of traffic. Powell alleges that he did this to protect the scene as well as Bayko himself, who had exited the vehicle and was standing on the shoulder of the interstate. Powell and XPO assert in the third-party complaint that Bayko acted negligently when he lost control of his vehicle and then failed to move it to the shoulder. They further allege that he walked onto the interstate when it was unsafe to do so. They assert that if they are liable to Plaintiffs, then Bayko is contributorily liable because his alleged negligence was a cause of Plaintiffs' injuries.

Bayko now moves the Court to dismiss the third-party complaint. Bayko presents four arguments, but none of them attack the sufficiency of the third-party complaint's allegations. On the contrary, he asks the Court to make factual

3

determinations. For example, Bayko asserts that the Court "may make factual determinations that a duty was not breached and that a defendant's alleged acts did not proximately cause any injury to plaintiff." Dkt. 35, at 4. Bayko then proceeds to argue in favor of the Court making those determinations, at the pleading stage, by almost exclusively citing cases that were decided on summary judgment or after a jury verdict. None of those cases are helpful on a motion to dismiss. Indeed, the Court's standing order makes this clear:

> The Court urges litigants to rely on cases that were decided in the same procedural posture. In memoranda supporting or opposing a motion to dismiss, cases that were decided on summary judgment (or on appeal of summary judgment) are not particularly helpful because of the differing standards. *See, e.g., Winchester v. Ryder Integrated Logistics, Inc.*, No. 19-CV-01356-NJR, 2020 U.S. Dist. LEXIS 148760, *6-7 (S.D. Ill. Aug. 18, 2020) (discussing what is required to state a claim under the FMLA versus what is required to prevail upon a claim under the FMLA); *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("The question presented by a motion to dismiss for insufficient pleadings does not turn on the controls placed on the discovery process."). Indeed, the Court is on dangerous ground when it relies on summary judgment opinions when it is deciding motions to dismiss. *Kaminski v. Elite Staffing, Inc.*, No. 21-1616, at 5-6 (7th Cir. Jan. 19, 2022); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014). This applies to the inverse as well. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990) (An opinion decided on a motion to dismiss "is of no relevance here, since it involved not a Rule 56 motion for summary judgment but a Rule 12(b) motion to dismiss on the pleadings. The latter, unlike the former, presumes that general allegations embrace those specific facts that are necessary to support the claim.") (cleaned up). As everybody hopefully learned in the first semester of law school, counsel should rely on decisions involving motions to dismiss when briefing a motion to dismiss and decisions involving motions for summary judgment (or Rule 50) when briefing a motion for summary judgment.[3]

---

[3] Standing Order on Supporting Memoranda and Exhibits, https://www.ilnd.uscourts.gov/judge-info.aspx?Bt1LmR2QgBbCj2VD6w9tXA==.

4

The standing order is consistent with Seventh Circuit authority. *See Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 483 (7th Cir. 2020) ("The result is different in this case because of the difference between a motion to dismiss on the pleadings and a motion for summary judgment."). Bayko asks the Court to consider several factors to determine that his actions were not a proximate cause of Plaintiffs' injuries. Dkt. 35, at 3. This is necessarily a fact intensive question, and this case has yet to even reach the discovery stage. Indeed, it is well-established that proximate cause is ordinarily a question for the fact finder. *Thomas v. Khoury*, 2021 IL 126074, ¶ 14. These types of fact-intensive questions should not be decided on a motion to dismiss unless the allegations fail to plausibly state the claim, or the allegations effectively plead the plaintiff out of court. *See e.g., Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 367 (7th Cir. 2018) ("Because this inquiry involves a fact-bound determination of how an unsophisticated consumer would perceive the statement, dismissal is only appropriate in cases involving statements that plainly, on their face, are not misleading or deceptive." (internal quotation marks omitted)); *Oakland Police & Fire Ret. Sys. v. Mayer Brown*, 861 F.3d 644, 654–655 (7th Cir. 2017) (affirming dismissal of a malpractice claim because it was not plausible to infer that the attorney was acting as an attorney to the transaction).

  All XPO and Powell must do is plausibly allege that Bayko's conduct was negligent and that it was a proximate cause of Plaintiffs' injuries. They have done that. To state a plausible claim for negligence, the complaint must allege that the defendant owed and breached a duty of care and that the breach was a proximate

5

cause of the resulting damages in question. *Bogenberger v. Pi Kappa Alpha Corp.*, 2018 IL 120951, ¶ 68. The third-party complaint alleges that Bayko was the original driver on the road that lost control of his vehicle, and that as a driver on the interstate, he owed a duty of care to his fellow drivers to operate the vehicle safely and reasonably and to then navigate it to the shoulder, if possible, when it became disabled. The third-party complaint likewise asserts that Powell's effort to allegedly safeguard the scene was foreseeable. This is enough to plausibly allege a claim of negligence against Bayko as the driver of the original vehicle. Whether the facts uncovered in discovery support these allegations is a question for another day. And regardless, because Bayko's argument for dismissal relies entirely on cases addressing the wrong procedural posture, he has failed to meet his burden of establishing the insufficiency of the third-party complaint. *Marcure*, 992 F.3d at 631 (moving party bears the burden). The motion to dismiss [35] is denied.

Date: July 8, 2022

_____
Honorable Iain D. Johnston
United States District Judge